UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA RHODES,

    Plaintiff,                                      Civil Action No. 14-CV-14037

vs.                                           HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on cross motions for summary judgment [docket entries 14 and 16]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny plaintiff's motion and grant defendant's motion.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's denial of her applications for Social Security disability insurance benefits and Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in April 2013 and issued a decision denying benefits the next month (Tr. 10-26). This became defendant's final decision in August 2014 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). In making this determination, the Court does not review the record de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's

decision must be upheld even if substantial evidence would have supported a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

At the time of her April 2013 hearing, plaintiff was 55 years and ten months old. She has a high school education (GED) and work experience as a custodian at a church, a factory worker, a home health care worker, an insurance inspector, and a laundry aide (Tr. 189, 196). Plaintiff claims she has been disabled since September 2011 due to coronary artery disease, peripheral vascular disease, anxiety, and fibroid tumor (Tr. 188). Her insured status expired in September 2015 (Tr. 13, 207).

The ALJ found that plaintiff's severe impairments are "coronary artery disease, peripheral arterial disease, obesity, and depression/anxiety" (Tr. 16). The ALJ found that plaintiff can perform her past work as a laundry aide and inspector (Tr. 25) because these jobs are within plaintiff's residual functional capacity ("RFC") to perform

> light work . . . except the claimant is limited to unskilled, simple, repetitive work; cannot climb ladders, ropes, or scaffolds; can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; and needs to be able to elevate her legs to hip level during regularly scheduled breaks and lunch periods.

(Tr. 17-18.) A vocational expert ("VE") testified that a person of plaintiff's age, education, and work experience, and who has this RFC, would be able to perform plaintiff's past laundry aide and inspector jobs (Tr. 50-51). The ALJ therefore concluded that plaintiff is not disabled within the meaning of the statute (Tr. 25-26).

Having reviewed the administrative record and the parties' briefs, the Court is satisfied that the ALJ's decision in this matter is supported by substantial evidence. Although

plaintiff clearly has a number of physical and mental impairments, which are severe in the sense they significantly limit her "ability to do basic work activities," 20 C.F.R. § 404.1520(c), the ALJ reasonably found that they do not prevent plaintiff from performing her past jobs as laundry aide or inspector.

The medical, testimonial, and other evidence has been summarized fully in the ALJ's written decision (Tr. 16-25) and it need not be set forth in detail here. In short, plaintiff's claimed disability onset date of September 9, 2011, coincides with the date she suffered a myocardial infarction, for which she was hospitalized for five days and which was treated with implantation of a stent in her left anterior descending artery (Tr. 231-51). Follow-up records dated September 20, 2011, indicated the procedure was successful (Tr. 258). At a second follow-up appointment in December 2011, the cardiologist noted that plaintiff "complains of chest discomfort, on and off and shortness of breath with flight of stairs. She also complains of pain in her legs with two minutes of jogging" (Tr. 311). However, an EKG showed "normal sinus rhythm," and the cardiologist noted that "[o]n today's visit, she denies any complaint or chest pain" (Tr. 313). It was also noted that a chest x-ray in September 2011 showed "no acute cardiopulmonary process" (Tr. 312).

Records from plaintiff's treating physician, Margaret Meyers, M.D., from November 2011 through January 2013 indicated diagnoses of peripheral vascular disease ("PVD") and coronary artery disease ("CAD"), but reported only occasional chest pain or other cardiac symptoms: "Has occ chest pain. Not exertional. Will occur with l[]ying in the bed. . . . Does not last long" (Tr. 318); "Normal rate, Regular rhythm" (Tr. 319, 322, 325, 368, 371, 374, 377, 380, 386, 389, 392, 395, 399, 401, 405she's); "Dancing for exercise and lifting 3# weights" (Tr. 321); "no pain," "No chest pain" (Tr. 324). In March 2012 plaintiff complained of "sharp" chest pain, but she

3

described the pain as "mild" and "occurr[ing] intermittently" and having been brought on by "prolonged coughing" (Tr. 349).  Plaintiff also sometimes complained about leg pain (e.g., Tr. 348, 391, 394), but Dr. Meyers' records indicate plaintiff experienced this pain only occasionally (Tr. 376, 397, 400).  Dr. Meyers noted in January that plaintiff was "walking more and is climbing stairs better" (Tr. 404).

While plaintiff also has been diagnosed with anxiety and depression (e.g., Tr. 262), the records do not suggest these impairments are of disabling severity.  To the contrary, treatment notes from March 2011 through February 2013 uniformly indicate plaintiff was "doing well," "making progress," showed good judgment, was benefitting from medication, was improving, and was "not in any acute distress" (Tr. 299, 301, 302, 331-33, 335, 337-42).

In addition, plaintiff suffers from obesity.  She is 5'-4" tall and her weight fluctuated between 185 pounds in October 2012 (Tr. 392) and 166 pounds in January 2013 (Tr. 405).  However, as the ALJ noted, there is no suggestion in any of the medical records that plaintiff's weight interferes with her ability to do light-level work.

In her summary judgment motion, plaintiff argues that the ALJ improperly failed to give controlling weight to Dr. Meyers' opinions and to consider her medication side effects in evaluating her RFC.  The Court rejects both of these arguments.

Dr. Meyers opined in January 2012 that plaintiff

> has coronary artery disease, peripheral vascular disease and depression. She is not currently able to stand more than 1 hour in a day, is unable to work more than a few minutes at a time, and is unable to participate in more than a low level stress job environment. Given these restrictions, I do not feel she is able to work at this time.

(Tr. 420.)  In February 2013 Dr. Meyers opined that plaintiff

> has coronary artery disease, peripheral vascular disease, depression, and prediabetes. She is unable to walk 1 city block and is unable to stand for more than 1 hour in a work day. She has no other limitations.

(Tr. 424.) While the opinions of treating physicians generally must be accorded significant, even controlling, weight, this is not so when they are either unsupported by objective findings or inconsistent with other evidence of record. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). In the present case, Dr. Meyers' opinions are not supported by any objective findings and they are, in fact, contradicted by other evidence of record and by other medical opinions. As summarized above, the objective evidence does not suggest plaintiff is unable to do light-level work; and Dr. Langham, who reviewed the medical evidence at defendant's request, opined that plaintiff can work with even fewer restrictions than those adopted by the ALJ (Tr. 59-60). Under these circumstances, the ALJ did not err in electing to give Dr. Meyers' opinions only "limited weight" (Tr. 21).

Nor did the ALJ err in declining to factor medication side effects into plaintiff's RFC except insofar as she limited plaintiff to not "climb[ing] ladders[,] ropes, or scaffolds" (Tr. 24). While plaintiff has, at various times, taken a number of medications for her physical and mental impairments (e.g., Tr. 191, 226, 431), and plaintiff stated she experiences dizziness from her anxiety and depression medications (Tr. 211), there is no indication in the medical records that plaintiff suffers disabling side effects. To the contrary, the record indicates repeatedly that either no medication side effects, or only minimal side effects, were observed or reported (Tr. 302, 332, 340, 373). Based on this evidence, the ALJ was not required to make additional allowances for medication side effects.

For these reasons, the Court concludes that the ALJ's decision in this matter is

supported by substantial evidence.  Accordingly,

       IT IS ORDERED that plaintiff's motion for summary judgment is denied.

       IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

|  |  |
|---|---|
|  | S/ Bernard A. Friedman___ |
| Dated: November 6, 2015 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |